Bradley v. Johnson.

---

CATHARINE BRADLEY v. EMMELINE H. JOHNSON.

1. Under the act of March 22d, 1862, (*Nix. Dig.* 548,) it is not necessary to aver expressly in the declaration that the contract was for the benefit of the married woman. It is sufficient if the declaration shows that she executed the contract as principal and not as surety; that she had a separate estate which she thereby intended to charge, and that she received the consideration for the contract.

2. In equity a liability assumed by a married woman will be charged upon her separate estate, but she cannot, in the absence of statute, be made personally liable. It will be presumed that this rule of the common law prevails in New York, where this contract is alleged to have been made, and that an action at law will not lie there to charge the wife personally.

3. The contract of the wife in New York was that her separate estate should be charged, but that no personal liability should be incurred by her, and therefore she is not suable at law here under our act of 1862.

4. A general specification of ground of demurrer that "the declaration does not show a sufficient cause of action will be stricken out on

motion, but if the plaintiff elects to let it stand as an answer to his demand the defendant may avail himself of any substantial infirmity in the pleading.

On demurrer to *narr*.

Argued at February Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and VAN SYCKEL.

For the plaintiff, *Robert S. Green*.

For the defendant, *Geo. W. Hubbell*.

The opinion of the court was delivered by

VAN SYCKEL, J. This suit is brought upon a bond made by the defendant, a married woman, and her husband, dated January 13th, 1871. In each count demurred to the defendant is alleged to have been a married woman at the time of signing the bond. Her liability therefore must be shown under the act of March 22d, 1862. *Nix. Dig.* 548. *Wilson* v. *Herbert*, 12 *Vroom* 454.

*Eckert* v. *Reuter*, 4 *Vroom* 266, seems to go to the extent of making the remedy at law concurrent with that in equity, and in this respect it was disapproved in *Van Kirk* v. *Skillman*, 5 *Vroom* 109. But I do not understand the latter case to hold that it must be expressly averred in the declaration that the contract was for the benefit of the wife.

I think it sufficient if the declaration shows that she executed the contract as the principal and not as surety; that she had a separate estate which she thereby intended to charge, and that she received the consideration for the contract. From these facts the presumption arises that the contract was for her benefit.

These facts are set out in this declaration and they are sufficient to support an action on a contract made in this state by a married woman, under the act of 1862. The contract in this case is alleged to have been made in New York.

Bradley v. Johnson.

In equity a liability assumed by a married woman will be charged upon her separate estate, but she cannot, in the absence of statutory enactment, be made personally liable. This is the English doctrine, and it will be presumed that the equity jurisdiction of New York is governed by the same rule, and that an action at law will not lie there to charge the wife personally. It is insisted that this contract being enforceable in equity in New York, and being of such a character that it would be enforced at law if made here, it is within the provisions of our act of 1862. I do not think so. The contract the married woman made in New York, fully expressed, is this: She agreed that the liability she assumed should be charged on her separate estate, but that no personal liability should be incurred by her. Such, it must be presumed, was the effect and extent of her engagement under the New York law. New terms and increased liability will be engrafted on this contract if we apply the provisions of the act of 1862 to it.

To make this contract enforceable under our statute it must be shown that a like liability exists in New York. In this respect the declaration is defective. The only doubt I have entertained is whether this point, as to the contract having been made in New York, can be raised under the specified grounds of demurrer.

The only specification broad enough to include this objection is the general one that " the plaintiff does not show a sufficient case of action." This obviously is not such a specification as the plaintiff was entitled to under his demand, and it would have been stricken out upon application for that purpose. But the plaintiff elected to let it stand as an answer to his demand, and went to hearing upon it. Under these circumstances I think the better rule will be to allow the defendant to avail himself of the infirmity which appears in this declaration.

The defendant is entitled to judgment on the demurrer.